UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL McCOY                                                    PLAINTIFF

V.                                                       CIVIL ACTION NO. 1:06cv4-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY              DEFENDANT

**<u>ORDER</u>**

This order addresses Defendant's [25] Motion for Partial Summary Judgment. Plaintiff in his [30] response does not oppose partial summary judgment being entered on the issues of fiduciary duty and misrepresentation and, in fact, withdraws any claims based on those theories.

At its core, Plaintiff's cause of action is based on an alleged breach of contract. The standard Complaint does not even contain separate counts. The only document attached to the Complaint is a letter to Plaintiff from one of Defendant's representatives (dated November 15, 2005) stating that an inspection revealed that the insured property sustained damage from wind and water during Hurricane Katrina. The letter also pointed out that damage caused by water was not covered by the policy. Defendant's [2] Answer to the Complaint affirmatively pleads "that some of the Plaintiff's claims are either not covered or excluded from coverage under any applicable State Farm policy."

Attached to Defendant's [25] motion is a copy of the State Farm homeowners policy issued specifically to Plaintiff. This attachment indicates policy limits of $105,900 for the dwelling; up to $10,590 for a dwelling extension; $79,425 for contents; and actual loss sustained for loss of use. (There is some discrepancy to these figures in the claim file as set forth in the deposition of Mark Drain, Defendant's 30(b)(6) designee). There was also a $1,000 deductible for all losses. Defendant also submitted with its motion an engineer's report dated prior to the denial letter reflecting, *inter alia*, that "[t]his report does not represent all purported damages to the structure;" "that during high wind events such as this, roof damage could be expected; however, the damage to the subject property is indiscernible due to the lack of evidence;" and "[t]here was evidence of some wind damage in the neighboring properties." It is unknown whether Plaintiff, whose residence was reduced to a slab by the storm, maintained flood insurance.

To the extent that Plaintiff confesses that partial summary judgment is appropriate on two theories of recovery--fiduciary duty and misrepresentation--it will be granted. Otherwise, the Court is not in a position to rule in a fully informed manner on the remaining part of Defendant's motion.

Accordingly, **IT IS ORDERED**:

Defendant's [25] Motion for Partial Summary Judgment as to any claims made by Plaintiff based on theories of breach of a fiduciary duty and misrepresentation is **GRANTED**.

The Court reserves a ruling on Defendant's Motion for Partial Summary Judgment on the issue of extra-contractual and punitive damages.

**SO ORDERED** this the 21st day of March, 2007.

s/ L. T. Senter, Jr.

L. T. SENTER, JR.
SENIOR JUDGE