UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL McCOY**                                                                                       **PLAINTIFF**

**V.**                                                             **CIVIL ACTION NO.1:06CV004 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                            **DEFENDANT**

**MEMORANDUM OPINION ON DEFENDANT'S MOTION FOR CHANGE OF VENUE**

The Court has before it the motion [27] of State Farm Fire and Casualty Company (State Farm) to change venue.  For the reasons discussed below, this motion will be denied.

In the aftermath of Hurricane Katrina there are many cases now pending in this Court between the owners of residential property on the Mississippi Gulf Coast and their insurers.  Most of these cases involve fact issues of whether there was an accidental direct physical loss of the insured property and whether that loss was caused by wind, which is a covered risk under most homeowners policies, or water, which is a risk excluded by most policies.  Some of these cases involve the issue of the insurer's good faith in its claims handling practices.

State Farm contends that the adverse publicity surrounding the adjustment of hurricane loss claims has made it impossible for property insurers to receive a fair trial before a jury drawn from this division of the Southern District of Mississippi.

In support of this motion (and its previous motion) State Farm has submitted copies of various newspaper articles and an affidavit reflecting the expert opinion of Kent Tadin (Tadin) with certain numerical corrections.  Much of the evidence that Tadin relies upon was developed in the context of criminal proceedings, but his findings potentially apply to a civil suit such as the one at bar.  State Farm has also submitted, in previous cases, a supplemental affidavit and declaration prepared by Dr. Edward J. Bronson along with a compilation of articles drawn from a local newspaper, the *Sun Herald*.  These supplemental materials add to the other evidence offered by State Farm by addressing the publicity surrounding the verdict in the first case to be tried to completion, *Broussard v. State Farm Fire and Casualty Company*,1:06CV006 LTS-RHW.

I have re-read the Tadin affidavit, along with its supporting survey and other materials, submitted in support of this motion.  I reserved ruling on a substantially

similar motion in the *Broussard* case until I had had an opportunity to conduct a *voir dire* examination to give myself an opportunity to observe the attitude of the venire at first hand.  Based upon my personal observations during the *voir dire* in the *Broussard* case, I was favorably impressed by the candor of the potential jurors in responding to thorough questioning by the Court and by the parties.  All jurors who disclosed any potential bias, whether in favor of the insured or in favor of State Farm, or who were uncertain that they could decide the case on its merits, based solely on the evidence presented at trial, were excused for cause.  Pre-trial publicity was among the topics I allowed the parties to explore in their *voir dire* examinations.  This same pattern of conduct on the part of the potential jurors has been repeated in the other jury trials that have been conducted since *Broussard*.  I plan to follow this same procedure during the jury selection process in this case.

     I have weighed the considerations set out in 28 U.S.C. §1404, and I am mindful of the additional expenses and the great inconvenience that individual plaintiffs would incur if the trial of this action and of similar actions were moved to another division of this district or, as State Farm requests, to the Northern District of Mississippi.  I am also mindful of both parties' rights to trial by a fair and impartial jury.

     In reviewing the evidence offered by State Farm in support of its motion, I have observed that much of the publicity generated by the Katrina-related insurance cases appears to be essentially neutral and essentially accurate reporting of the facts.  Some of the local publicity has been generated by State Farm deliberately, through interviews with its representatives, and some of the publicity has been generated by State Farm's actions in connection with the evaluation and adjustment of its many Katrina claims.  It is not my perception that the coverage of this matter has been unfair to State Farm or that the coverage has been unbalanced or inaccurate in its account of the facts.

     The damage that Katrina left in its wake is a matter of intense public interest both on the Coast, statewide in Mississippi, and throughout the United States.  Hurricane Katrina is, by some accounts, the worst natural disaster in the country's history.  State Farm sold a large number of insurance policies to local residents, and many of its policyholders sustained property damage during the storm.  Recently, State Farm publicly announced that the legal and political environment in Mississippi is such that it has made the business decision not to write new property damage coverage in this state.  State Farm regards the publication of this decision as an example of "adverse publicity" that justifies a change of venue in this case, but it is no more than accurate and truthful reporting of a business decision State Farm has made.  It does not seem to me that accurate and objective reporting of events that State Farm may regard as "adverse publicity" is necessarily a grounds for moving the trial of this case or any of the hundreds of other cases involving State Farm to another venue.

     Moving this case to a distant venue would have the effect of excluding the members of the communities most affected by the events in question from the legal process of resolving the disputes that the events have generated, and unless there is

some demonstrable unfairness in having the members of these communities sit as jurors, I do not believe this is required.  I have seen no such unfairness thus far.  In the last jury trial I conducted, the jurors were given interrogatories that allowed them to allocate the plaintiffs' damages between wind and water.  The jury's response to these interrogatories indicates that they meticulously considered the evidence adduced during the trial, that their allocation of damages between wind and water was rational and consistent with the evidence, and that the jury did not act with hostility or unfairness toward State Farm.

If after hearing the potential jurors' responses to the voir dire examination of the Court and the parties I am satisfied that I cannot impanel a fair and impartial jury to try the merits of this lawsuit, I will reconsider my denial of this motion for change of venue, but, at this point, I am not satisfied that the factors I am required to consider under 28 U.S.C. §1404 weigh in favor of a change of venue.  Accordingly, I will deny the supplemental motion [27] for a change of venue at this time, reserving the right to alter or amend this ruling if subsequent events indicate that the parties cannot receive a fair trial from a jury drawn from this division.

An appropriate order will be entered.

Decided this 10th day of May, 2007.

                                                          s/ L. T. Senter, Jr.
                                                          L. T. SENTER, JR.
                                                          SENIOR JUDGE