UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL McCOY                                                                                   PLAINTIFF

V.                                          CIVIL ACTION NO. 1:06cv4-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                   DEFENDANT

### ORDER

       Shortly before the final pretrial conference held on May 11, 2007, Plaintiff filed three motions *in limine*: [45] dealing with demonstrative evidence that may be used during the testimony of Defendant's expert(s); [46] aiming at video evidence that may be offered by Defendant; and [47] regarding outside financial assistance that Plaintiff may have obtained as a result of his Hurricane Katrina loss.  During the conference, defense counsel represented that he did not intend to offer anything with respect to other assistance.  He also indicated that demonstrative evidence would be limited to what is in an expert's report, although perhaps in some other form than what is precisely contained in it.

       The Court and counsel viewed portions of lengthy videos in Defendant's possession which depict scenes from Hurricane Katrina.  Defense counsel was given ten (10) days to provide the Court with an edited version of the video to be introduced at trial; the Court has not received this material.  No explanation was given at the pretrial conference as to where or when the videos were taken, and it is the Court's determination that, even if such evidence is potentially relevant, it should be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, [and] by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  There are also serious authentication problems with the evidence that Defendant has not addressed.

       Portions of expert reports shown to the jury shall be exact replicas of what is contained in the report.  This is no different from referring to parts of a claims file maintained by Defendant.  These documents speak for themselves and may be explored by counsel, but not in summary fashion.

       Because Defendant stated that evidence of outside assistance will not be offered, no further comment is necessary.

       Accordingly, **IT IS ORDERED**:

       Plaintiff's Motions [45] [46] [47] *in limine* are **GRANTED** consistent with the above comments.  Demonstrative evidence during expert testimony shall be limited to specific excerpts

from reports offered and admitted on Defendant's behalf.  Videos in Defendant's possession, along with any evidence of outside financial assistance received by Plaintiff, shall be excluded.

**SO ORDERED** this the 24th day of May, 2007.

                                    s/ L. T. Senter, Jr.
                                    L. T. SENTER, JR.
                                    SENIOR JUDGE